Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICES
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone: (208) 333-0702
Facsimile: (208) 246-8655
courtservice@idalawyer.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT HEWLETT, an individual, Plaintiff, v. UNUM LIFE INSURANCE COMPANY OF AMERICA, JOHN DOE CORPORATIONS I-X, unknown individuals or business entities, Defendants. | Case No. _____ **COMPLAINT** |

COMES NOW the Plaintiff Brent Hewlett ("Hewlett"), by and through his counsel of record, Hepworth Law Offices, and for a cause of action against the Defendants, hereby states and alleges as follows for wrongful denial of Long-Term Disability benefits and breach of fiduciary duties in violation of the Employer Retirement Income Securities Act ("ERISA.")

**JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) for federal question jurisdiction regarding Plaintiff's ERISA claim arising under 29 U.S.C. § 1132 *et seq*.

2. Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) because the acts and omissions which form the basis of this complaint occurred in the State of Idaho where Hewlett resides and sought benefits, and where Unum Life Insurance Company of America is registered and doing business with minimum contacts.

**PLAINTIFF**

3. Brent Hewlett, is now, and at all relevant times herein has been a resident of Lenore, Nez Perce County, Idaho. Hewlett is currently 62 years old and a participant and beneficiary of a group disability policy offered to employees of Teck Alaska Incorporated ("The Plan"). The Plan is an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1).

**DEFENDANTS**

4. Defendant Unum Life Insurance Company of America is an insurance company registered and doing business in the State of Idaho. Unum's corporate headquarters are believed to be at 2211 Congress Street, Portland, ME, 04122. Unum Life Insurance Company of America is a Sponsor, Administrator, and/or Named Fiduciary of The Plan, and therefore is a "party of interest" as defined by 29 U.S.C. § 1002(14).

5. John Doe Corporations I – X are corporations who may have issued insurance policies covering Teck Alaska Incorporated employees, or otherwise may be affiliates, subsidiaries, aliases, or assignees of Unum Life Insurance Company of America, but whose true names are unknown at this time. John Doe Corporations are also "part[ies] of interest" under 29 U.S.C. § 1002(14).

## FACTUAL BACKGROUND

6. Mr. Hewlett suffered a cerebellar stroke on May 17, 2020. Mr. Hewlett's treating medical providers have restricted him from returning to work in any capacity since that date.

7. Mr. Hewlett was hospitalized after reporting severe dizziness and vertigo on May 17, 2020. He was vomiting, unable to sit up, and unable to open his eyes. An MRI performed at Clearwater Valley Hospital in Orofino, Idaho revealed "abnormal signal involving the left inferior-paramedian portion of the cerebellum." A subsequent CTA with contrast on June 16, 2020 revealed a subsequent "occluded left V1 and inferior left V2 vertebral artery segment . . ." and a "solid 0.5 cm left upper lobe pulmonary nodule." Mr. Hewlett's treating providers report he suffered a "complete occlusion of left vertebral artery," commonly known as a "cerebellar stroke."

8. Mr. Hewlett resides in a remote geographical location by himself near Lenore, Idaho (population 1,100). Mr. Hewlett's access to medical care is limited. Mr. Hewlett was hospitalized for several days, and then underwent inpatient rehabilitation for 8-9 days in Spokane, WA, before being discharged to home care. Mr. Hewlett has been under the regular care of a number of qualified medical providers, including but not limited to neurologist Dr. Natasha Demattos, MD, Neuropsychologist Stacy W. Hill, PH. D, ABPP-CN, Dr. Jennifer Johnston, MD, Jacob Foster, PA, Mary K. Pengelly, OT, and several other speech and occupational therapists.

9. Prior to his onset of disability, Hewlett had dedicated his entire career working as a millwright. At the onset of disability, Hewlett was an employee of Teck Alaska Incorporated,

which operates and manages the Red Dog Operations, one of the world's largest zinc mining operations in an extremely remote corporate outpost in Alaska.

10. Mr. Hewlett was employed as a Mill Mechanic Level VI (Journeyperson). Mr. Hewlett's position as a Level VI mill mechanic requires rigorous physical and mental qualifications. Mr. Hewlett was responsible for working twelve-hour work-days for a minimum of fourteen (to as many as twenty-one) consecutive days. Mr. Hewlett's occupation requires frequent heavy lifting between 25 and 50 pounds, and occasional lifting of objects of 50-100 pounds.

11. Mr. Hewlett's occupation and training required rigorous mental tasks in a highly safety-sensitive position. Mr. Hewlett was required to operate heavy machinery such as cranes, jacks and tractors. Mr. Hewlett was responsible for inspecting and examining machinery and equipment to detect and find irregularities and malfunctions; install, troubleshoot and maintain power transmission, vacuum, hydraulic and pneumatic systems, and programmable logic controls

12. Mr. Hewlett's position required him to interact with a variety of employees on the property such as operators, engineering, trades and operating supervision on methods, procedures and hazards in order to coordinate the services of other trades and service personnel in the planning of their portion of the job; and estimating material costs and labor hours on jobs and troubleshooting plant equipment.

13. Ultimately Mr. Hewlett was also responsible for the safety of his peers and subordinates, which required him to demonstrate knowledge and understanding of environmental risks and hazards as well as comply with safety policies and procedures and ensures daily workplace inspections are done in order to accurately identify and correct workplace hazards. Mr. Hewlett's

work required high level mental acuity. His job required a sharp memory, and intense focus and concentration in order to be safe and ensure the safety of co-workers for whom he was responsible.

14. Mr. Hewlett promptly applied for long-term disability benefits under the Plan.

15. Hewlett underwent a comprehensive neurological examination, which revealed Mr. Hewlett reported severely impaired "processing speed, attention, word finding, recent memory, planning/organizing, and problem solving." Anecdotal examples included forgetting medication, leaving appliances turned on (including stove and oven), leaving vehicle doors open, and general frustration with every-day tasks that proved too difficult. Further neuropsychological testing revealed intellectual functioning in the 4th percentile range of function.

16. The Plan defines "disability" as "you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury."

17. The Plan requires Mr. Hewlett to satisfy an "elimination period" of 180 days before being eligible for long-term disability benefits. Mr. Hewlett's "elimination period" began May 17, 2020 and ended November 12, 2020.

18. Mr. Hewlett was unable to perform the material and substantial duties of his regular occupation for the entirety of the elimination period, and his disability is expected to be permanent.

19. Mr. Hewlett attempted to self-represent himself by filing a claim for disability benefits, despite having significant physical and mental disabilities. Mr. Hewlett was unable to appreciate his own mental limitations due to his brain damage.

20. Unum denied his claim for disability benefits in a letter dated January 7, 2021.

21. Mr. Hewlett timely appealed his denial of benefits on March 3, 2021. Unum life Insurance Company of America failed to issue a timely decision on Mr. Hewlett's appeal.

22. Unum Life Insurance Company of America denied Hewlett's appeal on July 2, 2021.

23. On July 29, 2021, Mr. Hewlett retained legal counsel. Legal Counsel requested the opportunity to participate in a secondary appeal in order to provide Unum Life Insurance Company of America supplemental medical information, including the results of a neuropsychological evaluation scheduled to be performed on September 15–16, 2021.

24. Unum Life Insurance Company of America denied Hewlett's request to supplement the medical information in a letter dated August 2, 2021, and stated the only remedy would be to file a civil action under section 502(a) of ERISA.

## COUNT I
## VIOLATION OF ERISA, SECTION 502(a), 29 U.S.C. § 1132(a)(1)(B)

25. Hewlett incorporates all information set forth in this complaint as if restated herein.

26. The Plan is an "employee welfare benefit plan" governed by ERISA § 3(1), 29 U.S.C. § 1002(1).

27. Hewlett is an eligible beneficiary under the Plan because he has been "disabled" for the entire duration of the "elimination period," and continues to be "disabled" at the time of this Complaint.

28. Unum Life Insurance Company of America is both the Plan administrator, as well as funds the Plan benefits. Unum Life Insurance Company of America therefore operates under a "structural conflict of interest." Unum Life Insurance Company of America's conflict of interest substantially impacted its claims decision. Hewlett is entitled to *de novo* review of his claim.

29. Defendants' denial of Hewlett's claim for Long Term Disability benefits is a breach of the The Plan, in violation of 29 U.S.C. § 1132(a)(1)(B), *et seq*.

30. Defendants arbitrarily and capriciously ignored and failed to give proper weight to the medical opinions of Mr. Hewlett's treating physicians and the independent medical analysis. Defendants relied exclusively upon their biased and unqualified medical consultants who performed a substandard paper review without considering all pertinent medical information. Defendants further misconstrued the terms of the Plan in a manner that conflicts with the plain language of the Plan, and failed to develop facts necessary for its final determination.

31. As a result of Unum Life Insurance Company of America's breach, Hewlett has suffered substantial damages, including lost disability wages and benefits, lost employment benefits, emotional distress, attorneys' fees, litigation costs, and other losses to be proven with reasonable certainty at trial or hearing.

## COUNT II

## BREACH OF FIDUCIARY DUTIES, 29 U.S.C. § 1109

32. Hewlett incorporates all information set forth in this complaint as if restated herein.

33. Unum Life Insurance Company of America possesses discretionary authority and/or discretionary responsibility under the Plan, and therefore is a "fiduciary" to Hewlett.

34. As a Plan fiduciary, Unum Life Insurance Company of America is required to discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan.

35. Unum Life Insurance Company of America further owed Mr. Hewlett a duty of loyalty to protect his interests and guarantee provision of benefits.

36. Unum Life Insurance Company of America knew that Mr. Hewlett was suffering from substantial mental and cognitive impairments while attempting to self-represent for his long-term disability claim.

37. Unum Life Insurance Company of America unreasonably denied Mr. Hewlett's claim despite possessing knowledge and information proving his eligibility for benefits.

38. Unum Life Insurance Company of America failed to consider pertinent medical information, or reconsider its arbitrary and capricious claims denial upon learning that Mr. Hewlett was being represented by competent counsel.

39. Unum Life Insurance Company of America refused to consider available and pertinent medical information while knowingly operating under structural conflicts of interest.

40. Unum Life Insurance Company of America breached its fiduciary duties of good faith and loyalty by unreasonably denying Hewlett's request to supplement records and unreasonably denying his claim for long-term disability benefits.

41. Unum Life Insurance Company's self-dealing and failure to comply with its fiduciary duties is part of a larger pattern and practice, as demonstrated by the findings of numerous courts of arbitrary and capricious claims management.

42. Hewlett seeks all equitable and remedial relief available pursuant to 29 U.S.C. § 1109, including but not limited *de novo* review of his long-term disability claim, compensation for wrongful denial of benefits, attorney's fees and litigation costs, and/or the assignment of a neutral and fair claims administrator upon reconsideration or remand.

## ATTORNEY'S FEES AND EXPERT WITNESS FEES

43. Hewlett has been required to obtain an attorney for purposes of prosecution of this action and is therefore entitled to recover reasonable attorney's fees and costs against the Defendants pursuant to 29 USC § 1132(g)(1), and as otherwise allowed under Fed. R. Civil Procedure 54(d)(2). A reasonable attorney's fee is $400.00 per hour for all time incurred litigating this dispute.

## PRAYER FOR RELIEF

WHEREFORE, the Hewlett respectfully prays for judgment against Defendants as follows:

a) Recovery of all benefits owing and due under The Plan, both past and future;

b) Recovery and/or reinstatement of all retirement benefits, health insurance, life insurance, and other benefits;

c) Declaratory and/or injunctive relief ordering payment of future benefits under The Plan;

e) An award of pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961 and I.C. § 28-22-104, or other applicable law;

d)    f)    For an award of court costs, attorney fees, and expert witness fees pursuant to 29 USC § 1132(g)(1), Federal Rule of Civil Procedure 54(d); and

e) For such other and further relief as the Court deems just and appropriate.

DATED this 27th day of August 2021.

HEPWORTH LAW OFFICES

By *J. Grady Hepworth*

Jeffrey J. Hepworth
J. Grady Hepworth
*Attorneys for Plaintiff*

COMPLAINT
- 9